{¶ 49} While I concur with the majority's decision in Appellant's first assignment of error, I respectfully dissent from the majority's resolution of Appellant's second assignment of error as I feel that Appellant has met his Dresher burden by offering "specific facts showing that there is a genuine issue for trial" in regards to his defamation claims against the Slabaugh, Haneburg and Conley Appellees ("the teenaged Appellees"). Dresher v. Burt (1996), 75 Ohio St.3d 289, 293. Appellant's slander per se claim is well supported by evidence that the Slabaugh and Haneburg Appellees made statements to classmates during the field trip that Appellant had inappropriately touched them and had entered the female dorms while the girls were at least partially undressed. Likewise, Appellant has offered evidence to support his libel per se claim by demonstrating that the Conley Appellees transmitted an electronic message to classmates in which they referred to him as a "stupid molester." Statements such as these, which impute a charge of an indictable offense involving moral turpitude, fall squarely within the definitions of slander per se and libel per se. Dunnigan v. Lorain, 9th Dist. No. 02CA008010, 2002-Ohio-5548, at ¶ 35 (slander per se); Wilson v. Harvey,164 Ohio App.3d 278, 2005-Ohio-5722, at ¶ 20 (libel per se). Consequently, I would reverse this portion of Appellant's second assignment of error and remand for further proceedings.